IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LACUNYA HODGES,** on behalf of herself
and all other similarly situated                                                                                 **PLAINTIFF**

VS.                                                                                CIVIL ACTION NO.: 4:25-cv-92-DMB-JMV

**ADMINISTRATIVE SYSTEMS, INC., et al**                                                              **DEFENDANTS**

### ORDER DENYING IN PART MOTION FOR LIMITED DISCOVERY

This matter is before the Court to separately address Plaintiff's request to lift the stay to conduct discovery against Defendant Care Givers, LLC in the form of limited jurisdictional discovery and for issuance of third-party financial subpoenas [Doc. 69, 73], Care Givers, LLC's responses in opposition [Doc. 78, 79, 80, 81], and Plaintiff's replies [Doc. 91, 92]. For the reasons explained below, Plaintiff's request to lift the discovery stay as to Care Givers, LLC is denied, except that Plaintiff will be permitted to propound to Care Givers a single interrogatory requesting Care Givers to produce the names and last known address, if any, of its current and former hourly, nonexempt employees who earned incentives for picking up an extra shift, shift differentials, or sign-on bonuses during the weeks they worked more than forty hours from October 22, 2022, to the present.

This action was filed by Plaintiff on June 23, 2025. [Doc. 1]. It is brought as a collective action pursuant to 29 U.S.C. § 216 on behalf of the following: "All current and former hourly, nonexempt employees of Defendants who earned incentives for picking up an extra shift, shift differentials, or sign-on bonuses during weeks he or she worked more than forty hours….and were improperly paid overtime under the Fair Labor Standards Act." *Id*. ("FLSA")

Plaintiff is a citizen of Mississippi residing in Coahoma County where she was at all times relevant herein employed by Care Givers, LLC, a limited liability company (LLC) offering nursing

1

home services at its sole facility in Flowood, Mississippi. ("Care Givers"). Care Givers is alleged by Plaintiff to be one of 17 different LLCs who each own and operate a different nursing home in Mississippi who have been named a defendant to this action. ("Mississippi nursing homes"). In addition, Plaintiff also names as defendants 25 other LLCs who each own and operate a different nursing facility in the state of Louisianna. ("Louisiana nursing homes") Plaintiff asserts that each of the Mississippi and Louisiana nursing homes is "owned operated and managed" in whole or in some part by members of what is described as the "Beebe family", associates of the family (i.e. non-family members hired by the family), and or trusts with some relationship to the family. In addition, Plaintiff names Administrative Systems, Inc., a Mississippi corporation she alleges provides administrative and payroll services, including the computation and payment of overtime to each of the Mississippi and Louisiana nursing home LLCs. Plaintiff also names Medico LLC, whom she alleges performs Human Resources related functions for the Mississippi and Louisiana nursing homes, as well as serving as a 401(k)-plan sponsor in which all the nursing home LLCs participate (hereinafter ASI and Medico are sometimes referred to as the "non-nursing home Defendants").

In a nutshell, Plaintiff alleges, variously, that despite the fact of their being separate legal entities, all of the Defendants are one large company that is owned, managed, and controlled by the Beebe family or those the family has hired; that Defendants are joint employers of Plaintiff; and/or they area a unified, integrated business or enterprise. Among other indicia, Plaintiff alleges the Defendants shared offices, principal places of business, officers, managers, and directed the work concurrently and jointly of Plaintiff and all other hourly, nonexempt employees of Defendants.

On August 29, 2025, Care Givers filed its answer. [Doc. 14]. On September 2, 2025, all nursing home Defendants, other than Care Givers, LLC, and the non-nursing home Defendants (these entities are sometimes collectively referred to herein as the "moving Defendants") moved to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and, as for the Louisiana nursing home Defendants, also for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2). [Doc. 17, 18].

Based on the motions to dismiss alleging lack of subject matter jurisdiction, Local Uniform Civil Rule 16(b)(3)(B) was triggered, which states that "[f]iling…a jurisdiction defense motion stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." The local rule also states, "Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief." *Id*. In compliance with the Local Rule, the undersigned stayed this matter on September 3, 2025. [Doc. 37].

On September 4, 2025, Plaintiff moved to lift the discovery stay by virtue of two motions—one addressed allowing discovery of Defendants, [Doc. 69], and one addressed allowing issuance of subpoenas to financial institutions. [Doc. 73]. Plaintiff's discovery motion, [Doc. 69], largely focuses on Plaintiff's request to permit jurisdictional discovery to combat the arguments raised in Defendants' Motions to Dismiss. Inasmuch as Care Givers did not challenge subject matter or personal jurisdiction and Plaintiff's motions for to lift the stay are limited to facts concerning only those issues, it is unclear whether Plaintiff nevertheless seeks jurisdictional discovery of Care Givers, but to the extent she does, that request will be denied, as there is no

3

present controversy over whether this court has jurisdiction, subject matter or personal, over Plaintiff's claims against Care Givers.

It does appear however that in Section E of her memorandum in support of her motion to lift stay to conduct jurisdictional discovery that she requests that the Court allow general discovery untethered to jurisdictional facts to proceed against Care Givers. Plaintiff argues in support that since Care Givers has not joined the motions to dismiss filed by all other Defendants challenging the Court's jurisdiction, and because the statute of limitations continues to run for opt-in claimants in FLSA collective actions until those claimants file their consent forms with the Court[1], the stay of discovery should be lifted as to Care Givers. She contends that without lifting of the stay, potential claimants against Care Givers face a severe prejudice of missing their respective statutes of limitations due, presumably, to an inability of counsel, without discovery, to identify them for promoting opt ins.

In its memorandum in support of its opposition, [Doc. 81], Care Givers argues the stay should not be lifted to allow Plaintiff to proceed with discovery against it, because irrespective of whether it has FLSA liability to Plaintiff or other similarly-situated present or former employees, proceeding with discovery to potentially establish that collective group and Care Givers liability to them will potentially result in the impossible or nearly impossible task of conducting multiple discovery periods.[2] In short, in a case with forty-five Defendants each alleged to be intertwined and whose alleged wrongful conduct is based on substantially the same factual allegations, it is

---

[1] A FLSA cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed. *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271, modified on reh'g, 826 F.2d 2 (5th Cir. 1987). FLSA claims are subject to a two-year statute of limitations for ordinary violations and a three-year period for willful violations. 29 U.S.C. § 255(a).

[2] There would, for example, potentially be a conditional certification period of discovery of Care Givers employees within the collective group, then merits discovery on those claims if certified, and also certification discovery of any defendants who are ultimately unsuccessful on their motions to dismiss for jurisdictional grounds, followed by merits discovery on those claims.

impossible to, with any judicial efficiency, proceed with separate but overlapping discovery tracks.[3] On the other hand, while the stay will not be lifted to allow unfettered discovery as to Care Givers, the potential prejudice faced by Plaintiff as a result of the stay may be assuaged by requiring Care Givers to respond to a single interrogatory from Plaintiff that reads as follows: "Produce the names and last known address, if any, of your current and former hourly, nonexempt employees who earned incentives for picking up an extra shift, shift differentials, or sign-on bonuses during weeks he or she worked more than forty hours from October 22, 2022, to the present".[4]

For the reasons stated above, Plaintiff's request to lift the stay as to Care Givers is **DENIED, with the one exception outlined**.

**SO ORDERED**, this, the 22nd day of October, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[3] A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). This authority includes the district court's wide discretion to stay a pending matter to control the course of litigation. *In re Ramu Corp.,* 903 F.2d 312, 318 (5th Cir. 1990). Courts generally avoid allowing piecemeal discovery, where some parties remain stayed and some proceed. *Alexander v. Hall,* No. 4:20-CV-21-SA-JMV, 2022 WL 879496, at *2 (N.D. Miss. Mar. 23, 2022). This is because as the Court stated in *Imani v. City of Baton Rouge,* No. CV 17-439-JWD-EWD, 2018 WL 2208221, at *6 (M.D. La. May 14, 2018): "It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."

[4] To be clear, Care Givers is required only to provide names and addresses of those persons within the described collective group. No further designation or description of them is required.